FILED

07 JUL 25  AM 9: 52

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                           DEPUTY

1
2
3
4
5
6
7
8                 UNITED STATES DISTRICT COURT
9                SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| GARY LEE AND WANDA RENAULT HENSLEY, | CASE NO. 07-CV-398 W (NLS) |
| Plaintiffs, | ORDER GRANTING |
| v. | (1) CITY OF SAN BUENAVENTURA'S MOTION TO DISMISS; |
| UNITED STATES DRUG ENFORCEMENT AGENCY, et al., | (2) MIKE FREEMAN'S MOTION TO DISMISS |
| Defendants. | |

On March 1, 2007, Plaintiffs Gary Lee and Wanda Renault Hensley filed a complaint alleging numerous causes of action related to the seizure of their assets in 1991. Two defendants, the City of San Buenaventura and Mike Freeman, filed motions to dismiss [Doc. Nos. 8 & 11] arguing lack of jurisdiction and failure to state a claim. Because the Hensleys failed to plead facts raising their right to relief above a speculative level, and in some cases failed to offer jurisdictional facts or cognizable arguments in response to the motions, the court will **GRANT** them both.

1    I.      Legal Standards

2           Rule 12(b)(1) permits the court to dismiss a claim for lack of subject-matter

3    jurisdiction. Fed. R. Civ. P. 12(b)(1). Although the defendant is the moving party in

4    a motion to dismiss, the plaintiff invoked the court's jurisdiction, and therefore bears

5    the burden of proof on the necessary jurisdictional facts. McCauley v. Ford Motor Co.,

6    264 F.3d 952, 957 (9th Cir. 2001).

7           Rule 12(b)(6) permits the court to dismiss a complaint, or a count therein, for

8    failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A

9    motion to dismiss under this rule tests the complaint's sufficiency. See N. Star Int'l v.

10   Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of a claim according

11   to this rule is proper only in "extraordinary" cases. United States v. Redwood City, 640

12   F.2d 963, 966 (9th Cir. 1981).

13          But "[u]nlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the

14   substance of a complaint's jurisdictional allegations despite their formal sufficiency, and

15   in so doing rely on affidavits or any other evidence properly before the court." Marriot

16   Int'l, Inc. v. Mitsui Tr. & Banking Co., 13 F. Supp. 2d 1059, 1061 (9th. Cir. 1998); St.

17   Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989). On either motion, though,

18   the court may consider material properly subject to judicial notice without converting

19   the motion into a motion for summary judgment. Barron v. Reich, 13 F.3d 1370, 1377

20   (9th Cir. 1994).

21          A complaint may be dismissed as a matter of law for two reasons: (1) lack of a

22   cognizable legal theory, or (2) insufficient facts under a cognizable theory. Robertson

23   v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). As the Supreme

24   Court recently explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to

25   dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the

26   'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a

27   formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp.

28   v. Twombly, – – – U.S. – – –, – – –, 127 S. Ct. 1955, 1964 (2007). Rather, the

1  allegations in the complaint "must be enough to raise a right to relief above the
2  speculative level." <u>Id.</u> at 1964–65. All material allegations in the complaint, "even if
3  doubtful in fact," are assumed to be true, <u>id.</u>, and the court must "construe them in the
4  light most favorable to the nonmoving party," <u>Gompper v. VISX, Inc.</u>, 298 F.3d 893,
5  895 (9th Cir. 2002).   In other words, the court construes the complaint and all
6  reasonable inferences in the plaintiff's favor.   <u>Walleri v. Fed. Home Loan Bank of</u>
7  <u>Seattle</u>, 83 F.3d 1575, 1580 (9th Cir. 1996).

8      "[C]onclusory legal allegations and unwarranted inferences," however, cannot
9  defeat a motion to dismiss. <u>Ove v. Gwinn</u>, 264 F.3d 817, 821 (9th Cir. 2001).  And
10  legal conclusions need not be taken as true merely because they are cast in the form of
11  factual allegations.  <u>W. Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981);
12  <u>Ileto v. Glock Inc.</u>, 349 F.3d 1191, 1200 (C.D. Cal. 2003).

13

14  **II.**   <u>**Discussion**</u>

15  **A.**   **The Hensleys cannot rely on conclusory legal allegations against the City.**

16      To survive a motion to dismiss, the Hensleys' complaint must go beyond "labels
17  and conclusions." <u>Bell Atl. Corp.</u>, 127 S. Ct. at 1964.  An exacting review of each
18  count in the complaint unveils detailed factual allegations which, although numerous,
19  do not "raise a right to relief above a speculative level." <u>Id.</u> Therefore, the court must
20  dismiss the complaint for failure to state a claim.

21      *Deprivation of constitutional rights.*  The Hensleys allege that the City deprived
22  them of constitutional rights.  (Compl. ¶¶ 8–12.)  But nothing in those paragraphs
23  connects the City to any deprivation of rights under Amendments I, IV, V, VIII, or
24  XIV.  Rather, the allegations focus on the role the City played in seizing the Hensleys'
25  business property from their office and home in December 1991.  But simply labeling
26  the entry and seizure "unlawful" (<u>id.</u> ¶ 12) does not suffice to show that the possibility
27  of a constitutional violation was more than speculative—especially in light of other
28  admissions to be discussed further below.  Thus, the court must dismiss this count.

07cv398

1     *Unlawful arrest, search, seizure, and incarceration.* The Hensleys go further in this
2 count. They claim that an affidavit supporting the warrant allowing the search and
3 seizure was unnotarized and based on hearsay. (Compl. ¶ 14.) But even assuming the
4 truth of these allegations, the Hensleys cite no law, and the court is aware of none,
5 establishing that an unnotarized affidavit invalidates a warrant. Thus, the Hensleys
6 have not stated a claim in this count.

7     The Hensleys also claim that the City agreed to release their property but never
8 followed through. (Compl. ¶ 20.) Assuming the truth of these allegations, the court
9 still cannot conceive how they give rise to a constitutional claim. Breach of contract
10 by a municipality does not *ipso facto* become a federal claim because the municipality
11 is not a "person" under 42 U.S.C. § 1983. <u>Doe v. Lawrence Livermore Nat'l Lab.</u>, 131
12 F.3d 836, 839 (9th Cir. 1997). Even if it were, the Eleventh Amendment bars suits for
13 damages against the state in federal court. <u>See id.</u> Moreover, the Hensleys never
14 requested injunctive relief, the only cognizable route around the Eleventh Amendment.
15 Because the court lacks jurisdiction over any possible state-law claim for breach of
16 contract—no diversity of citizenship exists, and the court will dismiss all federal
17 claims—the court must dismiss this count.

18     *Unlawful seizure of business and personal property.* The Hensleys again label the
19 City's conduct under three constitutional provisions: the Fourth, Fifth, and Fourteenth
20 Amendments. (Compl. ¶ 33.) Here, too, they omit the "grounds" for their entitlement
21 to relief. Assuming the truth of the allegations against the City, the court may conclude
22 that the City seized the Hensleys' property while executing a warrant. But they offer
23 no grounds for inferring the warrant was invalid. Thus, the court cannot—without
24 engaging in speculation—infer that the search or seizure was unreasonable under the
25 Fourth Amendment. Further, the Hensleys tacitly admit that no property interest
26 adheres to items used or intended for use involving controlled substances. <u>See</u> 21
27 U.S.C. § 881 (2000). Thus, no Fifth Amendment claim appears colorable.
28 //

1    Finally, the Hensleys offer no basis to conclude that they fall within a protected
2    class. Factual allegations and arguments elsewhere suggest they might be a member of
3    several classes: a racial group, a property owner (Compl. ¶ 9), and a pro se litigant
4    against the City of San Buenaventura. Assuming for the sake of argument any of these
5    could suffice as a suspect class—see Triad Assocs. v. Chi. Housing Auth., 892 F.2d 583
6    (7th Cir. 1989) (minorities are, and whites may be); Bowman v. City of Franklin, 980
7    F.2d 1104 (7th Cir. 1992) (property owners are not)—the Hensleys still cannot survive
8    a motion to dismiss because they never allege a nexus between membership in the class
9    and the deprivation of some federal right. Cf. Life Ins. Co. v. Reichardt, 591 F.2d 499,
10   505 (9th Cir. 1979) ("[Plaintiff]'s allegation that an invidiously discriminatory animus
11   was the motivating force behind the disparate policy terms offered to women is thus
12   sufficient to survive a motion to dismiss for failure to state a claim.).

13   *Conversion.* The Hensleys' state-law claim for conversion fails for the same
14   reason all other claims fail. Because the Hensleys tacitly admit that the government
15   entities had a warrant, the bare conclusions that the City is "responsible for the
16   negligent/wrongful act or omissions of [its] respective (police) employees" (Compl. ¶
17   60) and that the "property seized by . . . [the City] was neither contraband nor illegally
18   possessed" (id. ¶ 66) do not create a claim where none exists. These allegations do not
19   raise above a speculative level the right to relief because they do nothing more than
20   label the City's conduct in a conclusory manner.

21   *Untitled and extraneous allegations.* At various points in the complaint, the
22   Hensleys use phrases suggesting other theories of relief. In the unlawful-seizure count,
23   they allege a deprivation of property "without procedural due process of law." To
24   establish a procedural-due-process claim, the Hensleys must plead a valid property
25   interest, a deprivation, and lack of process. Ulrich v. City & County of S.F., 308 F.3d
26   968, 974 (9th Cir. 2002). Allegations elsewhere state that the authorities had a
27   warrant, seized the property, and utilized the state-court forfeiture procedure where the
28   Hensleys filed a claim to the property. Thus, to the extent the Hensleys challenge the

1  constitutionality of 21 U.S.C. § 881 (the drug forfeiture statute), the court must follow

2  the binding precedent of <u>United States v. One 1970 Pontiac GTO</u>, 529 F.2d 65, 66 (9th

3  Cir. 1976), which held it did not facially violate due process. Accordingly, without

4  allegations to support an as-applied challenge, the court must dismiss any counts based

5  on this legal theory as unsupported labels.

6       Similarly, the Hensleys characterize the 1991 seizure as "an act of slavery in

7  direct violation of the Thirteenth Amendment" (Compl. ¶ 75) and the results as

8  "incidents of slavery" (<u>id.</u> ¶ 74). The court sees absolutely no supporting allegations for

9  this meritless claim, which obviously requires compulsory *labor*. <u>See</u> <u>United States v.</u>

10 <u>Kozminski</u>, 487 U.S. 931, 939 (1988). Therefore, the court dismisses any counts based

11 on this legal theory as well.

12      In sum, many of the Hensleys' claims lack merit on their face. And as to the

13 claims with some merit, Paragraph 14 of the Hensleys' complaint limits the scope of

14 permissible inferences the court may draw. Neither an unnotarized affidavit nor hearsay

15 within an affidavit renders a warrant invalid. <u>See</u> <u>United States v. Bishop</u>, 264 F.3d

16 919, 924 (9th Cir. 2001) ("It is well-settled that the determination of probable cause

17 is based upon the totality of the circumstances known to the officers at the time of the

18 search."). Therefore, without other facts giving the City notice of the grounds for the

19 Hensleys' entitlement to relief, the court must dismiss the complaint in its entirety.

20

21 **B.**    **The conversion claim against Freeman lacks jurisdictional allegations.**

22      Freeman moves to dismiss the conversion claim against him for lack of

23 jurisdiction under Rule 12(b)(1). Because the claim does not establish jurisdiction on

24 its face, and the Hensleys have not responded with affidavits or other incontrovertible

25 documents, the court will grant Freeman's motion.

26      Count IV, for "conversion of scientific business property and personal property"

27 (Compl. ¶¶ 46–69), describes two distinct factual nuclei: the December 1991 search

28 and seizure of the Hensleys' property (¶¶ 60–69), and a 2003 dispute involving property

1   the Hensleys stored in a 10 × 12 unit beginning in September 2001 (¶¶ 46–59). Under

2   28 U.S.C. § 1367(a) and (b), the court has supplemental jurisdiction over many state-

3   law claims.   But the scope of that jurisdiction depends on the basis for original

4   jurisdiction.  Here, the court acquired original jurisdiction under 28 U.S.C. § 1331

5   (federal-question jurisdiction).  Thus, under § 1367(a), supplemental jurisdiction over

6   state-law claims extends as far as the limits of Article III.

7       But the court can identify only two threads of a connection between the two

8   factual nuclei: (i) both involve the Hensleys, and (ii) both involve the Hensleys'

9   property.  Article III requires more than the happenstance of common parties and

10  subjects in a dispute; it requires a "common nucleus of *operative fact*."  Exxon Mobil

11  Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 580 (2005) (emphasis added).  At a

12  minimum, the complaint must reveal some logical operative connection between the

13  1991 seizure and the 2004 conversion.

14      Moreover, because Freeman challenged jurisdiction, the Hensleys cannot rest

15  upon the court's obligation to draw inferences in their favor.  Without an affidavit

16  describing why two independent acts of alleged conversion—unconnected in time,

17  place, manner, law, and even motivation—Article III cannot stretch this far.

18  Accordingly, the court will dismiss the conversion claim against Freeman.

19  //

20  //

21  ///

22  ///

23  //

24  //

25  //

26  //

27  //

28  //

07cv398

1  III.   Conclusion

2          Because the Hensleys have not substantiated legal theories with facts establishing

3  the grounds for their entitlement to relief, the court hereby **DISMISSES** the complaint

4  in its entirety against the City of San Buenaventura.  Further, because the court lacks

5  jurisdiction over the conversion claim against Mike Freeman, the court **DISMISSES**

6  only that claim against him.  The Hensleys may amend the complaint on or before

7  August 31, 2007.

8          **IT IS SO ORDERED.**

9  Dated: July 24, 2007

10                                                                Hon. THOMAS J. WHELAN

11                                                                United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-

07cv398