

FILED
2007 NOV 28 PM 3:51
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LEE HENSLEY AND WANDA RENAULT HENSLEY, d.b.a. ELECTRONIC SYSTEMS REPAIR,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DRUG ENFORCEMENT ADMINISTRATION, et. al.,<br><br>Defendant. | CASE NO. 07-CV-0398 W (NLS)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT WITHOUT PREJUDICE (Doc. Nos. 27, 29.) |

On August 31, 2007 Plaintiffs Gary Lee Hensley and Wanda Renault Hensley ("Plaintiffs") filed a first amended complaint ("FAC") against Defendants United States Drug Enforcement Administration ("DEA"), City of San Buenaventura ("City"), and Mike Freeman d.b.a. San Buenaventura Freeway Mini Storage ("Freeman") alleging deprivation of constitutional rights, unlawful search and seizure, and conversion of certain business property. (Doc. No. 25.) Pending before the Court are Defendant City's and Defendant Freeman's motions to dismiss the FAC for failure to state a claim and lack of subject matter jurisdiction. (Doc. Nos. 27, 29.) The Court decides the matter on the papers submitted and without oral argument. See S.D. Cal. Civ. R. 7.1(d.1). For the following reasons, the Court **GRANTS** Defendants' motions and **DISMISSES**

Plaintiffs' entire FAC **WITHOUT PREJUDICE**.

I. BACKGROUND

Plaintiffs Gary Lee Hensley and Wanda Renault Hensley are California citizens who owned and operated a business called Electronic Systems Repair. (FAC ¶1.) On December 20, 1991 the City and DEA allegedly searched Plaintiffs' residence, seized Plaintiffs' property, and arrested Gary Lee Hensley on drug charges. (FAC ¶¶20, 22.) Legal wrangling over the forfeiture of Plaintiffs' property commenced, and in late 1994 the litigation apparently terminated in Plaintiffs' favor. (Pls.' Opp'n 12.)

Defendant Mike Freeman is the owner of San Buenaventura Freeway Mini, a.k.a. Freeway Ministorage, a California business entity. (FAC ¶5.) On September 19, 2001 and January 14, 2002 Plaintiffs executed two leases with Freeman's business for the use of a self-storage unit. (FAC ¶¶75, 76.) In early February, 2003 Plaintiffs allege that Freeman refused access to their unit, and shortly thereafter auctioned their property. (FAC ¶¶81-86.)

On March 1, 2007 Plaintiffs filed a complaint against the City, DEA, and Freeman alleging constitutional rights violations, unlawful search and seizure, and conversion of business property. (Doc. No. 1.) On May 21 and 22, 2007 the City and Freeman moved to dismiss Plaintiffs' complaint for failure to state a claim and lack of subject matter jurisdiction. (Doc. Nos. 8, 11.) On July 25, 2007 the Court granted Defendants' motions and gave Plaintiffs leave to amend. (Doc. No. 23.)

On August 31, 2007 Plaintiffs filed their first amended complaint ("FAC"), alleging the same or similar claims on roughly the same facts. (Doc. No. 25.) On September 12 and 17, 2007 the City and Freeman again moved to dismiss the FAC for failure to state a claim and on jurisdictional grounds. (Doc. Nos. 27, 29.) On October 24, 2007, despite a failure to timely serve Defendants, the Court accepted Plaintiffs' opposition.

## II. LEGAL STANDARD

Rule 12(b)(6) permits the court to dismiss a complaint, or a count therein, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under this rule tests the complaint's sufficiency. See N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of a claim according to this rule is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). However, where the facts and dates alleged in the complaint indicate the claim is barred by the statute of limitations, a motion to dismiss for failure to state a claim is appropriate. Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).

A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). As the Supreme Court recently explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, --- U.S. ---, ---, 127 S. Ct. 1955, 1964 (2007). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1964–65. All material allegations in the complaint, "even if doubtful in fact," are assumed to be true, id., and the court must "construe them in the light most favorable to the nonmoving party," Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002). In other words, the court construes the complaint and all reasonable inferences in the plaintiff's favor. Walleri v. Fed. Home Loan Bank of Seattle, 83 F.3d 1575, 1580 (9th Cir. 1996).

## III. DISCUSSION

As a threshold matter, the Court must attempt to untangle the legal theories and

jurisdictional bases on which Plaintiffs' FAC seeks relief. Regrettably, the FAC is disorganized and contains many false statements of law, and Plaintiffs' Opposition brief does little to clarify the issues.

As best the Court can discern, Plaintiffs' FAC has 5 claims: (1) Deprivation of Constitutional Rights of [Amendment] I, IV, V, VIII, and XIV; (2) Unlawful Arrest; Search; Seizure; and Incarceration; (3) Damages for Conversion of Scientific Business Property; (4) Unlawful Seizure and Conversion of Business Property; and (5) Injunctive Relief and Security Bond. The first two claims, against the City and DEA, both appear to be premised on federal Constitutional grounds. (FAC ¶¶16, 37.) The third claim appears to mix federal relief (Federal Tort Claims Act relief against DEA) and California relief (California Tort Claims Act ("CTCA") relief against City). (FAC ¶68.) The fourth claim appears to be a state law cause of action against the City, DEA, and Freeman. (FAC ¶¶74, 84-85.) Plaintiffs' fifth claim requests that the Court enjoin all Defendants from interfering with their property rights or blocking access to state court.[1] (FAC ¶91-92.)

### A.   PLAINTIFF'S FEDERAL CLAIMS AGAINST THE CITY AND DEA ARE TIME-BARRED

The City argues that Plaintiffs complain of conduct that allegedly occurred on December 20, 1991. Because Plaintiffs waited almost sixteen years in which to file a federal court claim, any claim is barred by the statute of limitations. (City's Mot. 7-8.) Plaintiffs respond by arguing that the City caused all the delay, and submit a timeline listing the City's and DEA's transgressions and Plaintiffs' continued forays into the California courts. Additionally, Plaintiffs allude to random bits of law and fact outside the scope of this motion to dismiss. See North Star Int'l v. Arizona Corp. Comm'n., 720

---

[1] Plaintiffs also request that each Defendant post a security bond under Federal Rule of Civil Procedure 65. (Compl. ¶96.) However, this rule only requires that the applicant for an injunction post a security bond. Fed. R. Civ. P. 65. Accordingly, this part of the claim is dismissed.

F.2d 578, 581 (9th Cir. 1983) (holding that inquiry is limited to the content of the complaint).

    Although Plaintiffs' FAC contains much irrelevant information and incorrect law, the Court assumes without deciding that, viewing the FAC in an extremely generous light, Plaintiffs first three causes of action may state claims for 42 U.S.C. § 1983 ("1983"), Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"), and/or Federal Tort Claims Act ("FTCA") violations.[2] (FAC ¶¶ 9, 11, 16, 37, 68.) Section 1983 and Bivens claims essentially provide damage remedies for Constitutional rights violations committed by state or federal actors. The FTCA represents a limited waiver of sovereign immunity and supports original federal jurisdiction for certain tort claims brought against the United States. See 28 U.S.C. § 1346(b). These claims are the most logical vehicles available for Plaintiffs to recover damages against the City (state actor) and DEA (federal agency) for alleged First, Fourth, Fifth, Sixth, and Fourteenth Amendment and tort violations.[3]

---

[2] 42 U.S.C. § 1983 allows a plaintiff to sue in federal court for Constitutional and civil rights violations committed by state actors. Because the City is not a person, however, Plaintiffs' FAC may still suffer from an Eleventh Amendment or sovereign immunity problem. See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997).

    A Bivens claim is similar to a Section 1983 claim, but against a federal, not state, official. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 395-97 (1971).

[3] As mentioned above, the Court is not entirely convinced that Plaintiffs have sufficiently pled facts establishing a *prima facie* case of any Constitutional or tort violation. For example, although Plaintiffs allege that "a later [California] State Court judge found the search warrant invalid, since [sic] he found it was solely issued on fourth-party hearsay evidence," warrants are not invalid because they are based on hearsay. United States v. Castillo, 866 F.2d 1071, 1077 (9th Cir. 1988). Rather, a magistrate can issue a valid warrant based on the "totality of the circumstances." United States v. Bishop, 264 F.3d 919, 924 (9th Cir. 2001.) Because Plaintiffs have offered no other facts as to why the warrant was invalid, the Court cannot accept Plaintiffs' legal conclusion as true merely because it is framed as a factual allegation. See W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Ileto v. Glock Inc., 349 F.3d 1191, 1200 (C.D. Cal. 2003). P

    Furthermore, Plaintiffs' FAC is disorganized, contains many conclusory statements, incoherently mixes facts and legal theories, and hardly raises the right to relief above a speculative level. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007). However, viewing all

The statutes of limitations for Section 1983 and <u>Bivens</u> claims are identical. <u>Van Strum v. Lawn</u>, 940 F.2d 406, 409-10 (9th Cir. 1991). Because Section 1983 does not have its own limitation period, courts are instructed to borrow the limitation period from personal injury actions of the state in which the court sits. <u>Wilson v. Garcia</u>, 471 U.S. 261, 276-79 (1985). In California, there is a two-year statute of limitation on personal injury claims; thus, this is the limitation period applied to Section 1983 and <u>Bivens</u> claims. CAL. CIV. PROC. CODE § 335.1; <u>Maldonado v. Harris</u>, 370 F.3d 945, 954 (9th Cir. 2004). Under federal law, the limitation period starts to run when the plaintiff knows or has reason to know of the injury which is the basis of the action. <u>TwoRivers v. Lewis</u>, 174 F.3d 987, 991-92 (9th Cir. 1999). Analyzing a Federal Tort Claims Act limitation period is nearly identical. <u>See</u> 28 U.S.C. § 2401(b) (two-year statute of limitations governs FTCA claims); <u>Winter v. United States</u>, 244 F.3d 1088, 1090 (9th Cir. 2001) (FTCA claim accrues as a matter of federal law "when a plaintiff knows that he has been injured and who has inflicted the injury").

The events forming the basis of Plaintiffs' first two claims took place on December 20, 1991 when the City and DEA allegedly searched Plaintiffs' residence, arrested Gary Hensley, seized Plaintiffs' equipment, and refused to return it. (FAC ¶¶ 16-48.) Because Plaintiffs knew of the alleged illegal search and seizure on December 20, 1991, under California and federal law the statute of limitations would expire on December 20, 1993. However, Plaintiffs filed their original federal complaint on March 1, 2007, over 15 years later. Thus, any Section 1983, <u>Bivens</u>, or FTCA claim arising out of the December 20, 1991 search and seizure is time-barred.

Plaintiffs also claim that the City/DEA agreed to release their property, but never followed through. (FAC ¶¶ 28-33.) Assuming without deciding that Plaintiffs have pled a recognizable federal claim, the California court's Order for Return of Property was filed March 25, 1992. (FAC Ex. D.) Even if it did not become immediately apparent that the

---

inferences in favor of these *pro se* Plaintiffs, the Court finds that resolving the FAC's deficiencies on statute of limitations grounds provides a better framework to resolve the case.

City/DEA would not return their property, Plaintiffs should have had reason to know of this after a reasonable amount of time. For arguments sake, generously allowing Plaintiffs one year to acquire "knowledge" of injury, plus a two-year statute of limitation, fixes the period in which to file a valid claim ending March 25, 1995. Accordingly, Plaintiffs' Section 1983, <u>Bivens</u>, and/or FTCA claims premised on the City's alleged continuing unlawful possession of Plaintiff's property are time-barred.

Although Plaintiffs argue that any delay and indifference was the City's fault, Plaintiffs have provided no credible evidence or advanced any legal theories as to why the statute of limitations should be tolled or extended. (*Pls.' Opp'n* 12.) In short, Plaintiffs now seek federal relief for events that happened over fifteen years ago. Under <u>Jablon</u>, a motion to dismiss is appropriate where the facts and dates alleged indicate the claim is barred by the statute of limitations. Because under no circumstances can the facts and dates alleged in Plaintiffs' FAC support a federal claim that is not time barred, the Court **GRANTS** the City's Motion and dismisses Plaintiffs' first three claims **WITHOUT PREJUDICE.**

### B. THE COURT DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING CLAIMS PURSUANT TO 28 U.S.C. § 1367.

After dismissing Plaintiffs' federal causes of action, the Court recognizes that Plaintiffs may have pled the following state law claims: (1) a CTCA claim against the City (third cause of action); and (2) Unlawful seizure and conversion of business property against City, DEA, and Freeman (fourth cause of action). Even if Plaintiffs' allegations state a claim for relief, neither claim has original jurisdiction in this Court.

In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331. Without a federal question, state law claims in federal court require complete diversity, or each of the plaintiffs must be a citizen of a different state than each of the defendants. <u>Allstate Ins. Co. v. Hughes</u>, 358 F.3d 1089, 1095 (9th Cir. 2004). For individuals, citizenship is determined by the state where one is

domiciled. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Local governments are citizens of the states in which they are located. Moor v. County of Alameda, 411 U.S. 693, 717 (1973).

Where a state law claim forms part of the same "case or controversy" as another valid claim within original jurisdiction, 28 U.S.C. § 1367 provides supplemental jurisdiction. 28 U.S.C. § 1367(a) (2000). However, it is well-settled that 28 U.S.C. § 1367(c) grants district courts broad discretion to decline supplemental jurisdiction over existing state law claims where they "substantially predominate over the [federal] claim or claims over which the district court has original jurisdiction" or in other circumstances where "there are other compelling reasons for declining jurisdiction." 28 U.S.C. §§ 1367(c)(2), (c)(4); see Edmondson & Gallagher v. Alban Towers Tenants Ass'n, 48 F.3d 1260, 1266 (D.C. Cir. 1995). Also, "[i]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well." Imagineering, Inc. v. Kiewit Pacific Co., 976 F.2d 1303, 1309 (9th Cir. 1992) (federal court should dismiss state law claims if federal claims are dismissed before trial).

Neither Plaintiffs' CTCA claim against the City nor the conversion claim against the City, DEA and Freeman has original jurisdiction in this Court. Federal question jurisdiction does not exist because the claims are premised on state law. Diversity jurisdiction does not exist because Plaintiffs, citizens of California, are suing the City,[4] considered a California citizen under Moor. Moreover, the fifth claim for injunctive relief against all defendants fails to allege any jurisdictional basis, and appears to be a crude attempt to counter the Court's previous Eleventh Amendment concerns.[5] (See Order Granting City's Mot. to Dismiss 4.)

As discussed in Part A, the Court dismisses all claims over which it has original jurisdiction. Under Imagineering, the Court declines to exercise supplemental jurisdiction over any remaining claims, and thus **GRANTS** the Defendants' Motions and

---

[4] The Court takes judicial notice that the City is located in the state of California.

[5] Additionally, the fifth claim would be unlikely to survive a 12(b)(6) motion to dismiss.

DISMISSES WITHOUT PREJUDICE Plaintiffs' remaining state law claims.[6]

## IV. CONCLUSION

Plaintiffs' FAC is their second attempt to petition this Court for relief. Generously assuming that Plaintiffs' FAC states cognizable causes of action, the information before the Court shows that any claims with in the Court's original jurisdiction have long been time-barred. Additionally, Plaintiffs' current claim(s) arising from the 2003 dispute have no independent basis of jurisdiction, and the Court declines to exercise supplemental jurisdiction over any remaining claims.

Should Plaintiffs petition this Court a third time for relief, the Court suggests that Plaintiffs not simply re-hash the same dated grievances, conclusory allegations, and misstated law found in the Complaint and FAC. Rather, the Court expects proper jurisdictional allegations and short statements of fact alleged with the specificity needed to support particular causes of actions. If this is not possible, Plaintiffs are asked to think hard about whether to pursue their claims in this Court.

In conclusion:

1. The City's Motion to Dismiss is **GRANTED** as to the first three federal causes of action against the City and/or DEA because the facts and dates alleged in the FAC indicate that any claim is time-barred. (Doc. No. 29.)

2. Freeman's Motion to Dismiss is **GRANTED** as to the fourth and fifth causes of action because complete diversity does not exist among the parties and Plaintiffs do not allege how their claim for injunctive relief meets federal jurisdictional requirements . (Doc. No. 27.)

---

[6] Once again, the Court questions whether supplemental jurisdiction could ever properly join the state law claims against Freeman with the federal claims against the City and DEA. Two distinct factual nuclei exist: the December 1991 search and seizure of Plaintiffs' property, and a 2003 dispute involving the self-storage unit. As per Article III of the United States Constitution, supplemental jurisdiction is only proper if the claims are part of the same "case or controversy." 28 U.S.C. § 1367. At a minimum, the FAC must reveal some logical operative connection between the 1991 seizure and the 2004 conversion. None seems to exist. (*See Order Granting City's Mot. to Dismiss* 6-7.)

3.  Because all claims over which the Court has original jurisdiction are dismissed, the Court declines to exercise supplemental jurisdiction over any remaining claims consistent with 28 U.S.C. § 1367(c).

4.  Plaintiffs' entire FAC is **DISMISSED WITHOUT PREJUDICE**. If Plaintiffs wish to amend their complaint, they may do so by <u>December 28, 2007</u>.

IT IS SO ORDERED.

Dated: November 27, 2007

Hon. THOMAS J. WHELAN
United States District Court
Southern District of California