UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LEE HENSLEY et. al.,<br><br>                      Plaintiffs,<br>vs.<br><br>UNITED STATES DRUG ENFORCEMENT ADMINISTRATION, et. al.,<br><br>                      Defendants. | CASE NO. 07-CV-0398 W (NLS)<br><br>ORDER GRANTING DEFENDANT UNITED STATES DRUG ENFORCEMENT ADMINISTRATION'S MOTION TO DISMISS (Doc. No. 49) |

      On December 28, 2007 Plaintiffs Gary Lee Hensley and Wanda Renault Hensley ("Plaintiffs") filed their second amended complaint against Defendant United States Drug Enforcement Administration ("DEA"), Defendant City of San Buenaventura, and Defendant Mike Freeman alleging various Constitutional and civil rights violations and seeking injunctive relief. (Doc. No. 47.) On January 8, 2008 the DEA filed this motion to dismiss. (Doc. No. 49.) The Court decides the matter on the papers submitted and without oral argument. See S.D. Cal. Civ. R. 7.1(d.1). For the following reasons, the Court **GRANTS** the DEA's motion to dismiss **WITH PREJUDICE**.

///

///

///

I. **BACKGROUND**

Plaintiffs Gary Lee Hensley and Wanda Renault Hensley are California citizens, residing in Ventura County, who owned and operated a business called Electronic Systems Repair, a Ventura County business entity. (*Second Amended Complaint* [hereinafter SAC] 3.) On December 20, 1991 the DEA, along with the City of Buenaventura ("City"), allegedly searched Plaintiffs' residence and business, seized Plaintiffs' property, and arrested Gary Lee Hensley on drug charges. (SAC 3–7.) Legal wrangling over the forfeiture of Plaintiffs' property commenced. (*Id.*)

On March 1, 2007 Plaintiffs filed a complaint against the City, DEA, and Defendant Mike Freeman alleging constitutional rights violations, unlawful search and seizure, and conversion of business property. (Doc. No. 1.) On May 21 and 22, 2007 the City and Freeman moved to dismiss Plaintiffs' complaint for failure to state a claim and lack of subject matter jurisdiction. (Doc. Nos. 8, 11.) On July 25, 2007 the Court granted Defendants' motions and gave Plaintiffs leave to amend. (Doc. No. 23.)

On August 31, 2007 Plaintiffs filed their first amended complaint ("FAC"), alleging the same or similar claims on roughly the same facts. (Doc. No. 25.) On September 12 and 17, 2007 the City and Freeman again moved to dismiss the FAC for failure to state a claim and on jurisdictional grounds. (Doc. Nos. 27, 29.) On October 24, 2007, despite a failure to timely serve Defendants, the Court accepted Plaintiffs' opposition. On November 28, 2007 the Court granted the City's and Freeman's motions to dismiss, and dismissed Plaintiffs' FAC as to all Defendants. (Doc. No. 38.) However, the Court granted Plaintiffs thirty days to amend and re-file their complaint.

On December 28, 2007 Plaintiffs filed their second amended complaint ("SAC") alleging undetermined claims on roughly the same facts.[1] (Doc. No. 47.) On January 8, 2008 the DEA filed a motion to dismiss the SAC. (Doc. No. 49.) Plaintiffs have not submitted any papers opposing the motion.

---

[1] Unlike Plaintiffs' earlier complaints, the SAC reads more like an appellate brief. Its allegations are not contained in paragraph form, and nowhere (aside from the caption) does Plaintiff actually identify his cause(s) of action.

## II. LEGAL STANDARD

Rule 12(b)(6) permits the court to dismiss a complaint, or a count therein, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under this rule tests the complaint's sufficiency. See N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of a claim according to this rule is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). However, where the facts and dates alleged in the complaint indicate the claim is barred by the statute of limitations, a motion to dismiss for failure to state a claim is appropriate. Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).

Rule 12(b)(3) provides that a court may dismiss a claim for improper venue. See FED. R. CIV. P. 12(b)(3). Once venue is challenged, the burden is on the plaintiff to show that venue is properly laid. Bohara v. Backus Hosp. Medical Benefit Plan, 390 F. Supp. 2d 957, 960 (C.D. Cal. 2005); Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979); King v. Vesco, 342 F. Supp. 120, 125 (N.D. Cal. 1972). Facts supporting venue may be established through evidence outside of the pleadings, such as affidavits or declarations. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996).

## III. DISCUSSION

### A. Plaintiffs' Action was Untimely Filed

Defendant DEA argues that Plaintiffs did not file their action in time to meet the Federal Tort Claims Act statute of limitations. (*Def.'s Mot.* 2–3.) Accordingly, the DEA concludes, Plaintiffs' SAC must be dismissed. (*Id.*) Plaintiffs do not oppose the DEA's argument.

The Federal Tort Claims Act ("FTCA") creates a limited right to sue the United States for certain torts committed by its employees and agencies. 28 U.S.C. §§ 1346(b), 2671–2680. The FTCA requires that plaintiffs first present claims to the appropriate

1 | agency before filing an action in federal court. 28 U.S.C. § 2401(b). Specifically, a tort
2 | claim against the United States must be presented in writing to the appropriate Federal
3 | agency within two years after such a claim accrues. Id. Additionally, a claim must be
4 | brought within six months after the date of mailing of notice of final denial of the claim
5 | by the agency to which it was presented. Id. These requirements are jurisdictional,
6 | cannot be waived, and must be strictly complied with. Blain v. United States, 552 F.2d
7 | 289, 291 (9th Cir. 1977). Thus, failure to comply within the required time period
8 | results in the claim's being forever barred. Id.

9 | Here, Plaintiffs presented an administrative claim to the DEA. On June 19, 2006
10 | the DEA made a final denial of Plaintiffs' claim, in writing.[2] (SAC Ex. J.)
11 | Consequently, Plaintiffs had until December 16, 2006 to file a lawsuit. Plaintiffs did not
12 | file suit in this Court, or any other court, until March 1, 2007. (Doc. No. 1.) Because
13 | Plaintiffs filed their complaint more than two months after the applicable statute of
14 | limitation had expired, the action is untimely. Accordingly, the Court **GRANTS** the
15 | DEA's motion to dismiss Plaintiff's Second Amended Complaint **WITH PREJUDICE**
16 | as to Defendant DEA.

17 |

18 | **B.   Plaintiffs' Action is Filed in the Wrong Venue**

19 | Defendant DEA argues that, regardless of timeliness, Plaintiffs are engaging in
20 | forum shopping and have brought this suit in the wrong venue. (*Def.'s Mot.* 4–5.)
21 | Thus, the DEA concludes, Plaintiffs' suit must be dismissed. (*Id.*) Plaintiffs do not
22 | oppose the DEA's argument.

23 | For FTCA actions, venue is proper only in the judicial district where the plaintiff
24 | resides or wherein the act or omission complained of occurred. 28 U.S.C. § 1402(b).
25 | Here, all of the DEA's alleged acts and omissions took place in Ventura County during
26 | the alleged seizure and forfeiture of Plaintiffs' property. (SAC 3–7.) Moreover,

27 | ─────────────
28 | [2] The DEA denied Plaintiffs' claim because it was not brought within two years of the incident giving rise to the claim, and thus not within the FTCA's statute of limitations. (SAC Ex. J.)

Plaintiffs resided in Ventura County at the time of the alleged seizure and forfeiture, and they still list Ventura as their current address.[3] (*Id.* 1, 3–7.) The Court takes judicial notice that Ventura County is located in the Central District of California.[4] Because Plaintiffs reside and all the acts or omissions Plaintiffs complain of occurred in the Central District of California, venue would only be proper in the Central District. Because plaintiffs have alleged no facts suggesting that venue is proper in the Southern District of California, the Court **GRANTS** the DEA's motion to dismiss Plaintiff's Second Amended Complaint as to Defendant DEA.

## IV. CONCLUSION

Plaintiffs' Second Amended Complaint represents their third attempt to petition this Court for relief for events which transpired over fifteen years ago. Like each of the prior attempts, Plaintiffs have not been able to allege facts sufficient to state a valid cause of action against Defendant DEA. The Court believes that affording Plaintiffs additional opportunities to state a claim would be futile. Because Plaintiffs' claim is barred by the FTCA statute of limitations, and brought in the wrong venue, the Court **GRANTS** Defendant DEA's motion to dismiss **WITH PREJUDICE**, and **DISMISSES** Defendant DEA from the case.

IT IS SO ORDERED.

Dated: February 12, 2008

Hon. THOMAS J. WHELAN
United States District Court
Southern District of California

---

[3] Moreover, Plaintiffs' First Amended Complaint, dismissed on November 27, 2007, specifically alleges that Plaintiffs are residents of Ventura County. (FAC ¶ 1.)

[4] See map located at http://www.cacd.uscourts.gov/Cacd/CourtInfo.nsf/c755da45cb6a17bc882567d10055026e?OpenView