FILED

08 MAR 18 PM 1:14

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: EC     DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LEE HENSLEY et. al., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF SAN BUENAVENTURA; MIKE FREEMAN DBA SAN BUENAVENTURA FREEWAY MINI, A.K.A. FREEWAY MINISTORAGE et. al., <br><br> Defendants. | CASE NO. 07-CV-0398 W (NLS) <br><br> ORDER <br> (1) GRANTING THE CITY OF SAN BUENAVENTURA'S MOTION TO DISMISS AND <br> (2) GRANTING MIKE FREEMAN DBA SAN BUENAVENTURA FREEWAY MINI'S MOTION TO DISMISS <br> (Doc. Nos. 55, 57) |

On December 28, 2007 Plaintiffs Gary Lee Hensley and Wanda Renault Hensley ("Plaintiffs") filed their second amended complaint against Defendant United States Drug Enforcement Administration ("DEA"), Defendant City of San Buenaventura ("City"), and Defendant Mike Freeman ("Freeman") alleging various Constitutional and civil rights violations and seeking injunctive relief. (Doc. No. 47.) On January 16, 2008 the City filed a motion to dismiss, and on January 28, 2008 Freeman filed a motion to dismiss. (Doc. Nos. 55, 57.) The Court decides both matters on the papers submitted and without oral argument. See S.D. Cal. Civ. R. 7.1(d.1). For the following reasons, the Court **GRANTS** both Defendant City's and Defendant Freeman's

motions to dismiss **WITH PREJUDICE**.

I. BACKGROUND

Plaintiffs Gary Lee Hensley and Wanda Renault Hensley are California citizens, residing in Ventura County, who owned and operated a Ventura County business entity called Electronic Systems Repair. (*Second Amended Complaint* [hereinafter SAC] 1–2.) On December 20, 1991 Defendants DEA and City allegedly searched Plaintiffs' residence and business, seized Plaintiffs' property, and arrested Gary Lee Hensley on drug charges. (SAC 3–7.) Legal wrangling over the forfeiture of Plaintiffs' property commenced. (*Id.*)

Defendant Mike Freeman is the owner of San Buenaventura Freeway Mini, a.k.a. Freeway Ministorage, a California business entity. (SAC 3.) On September 19, 2001 and January 14, 2002, Plaintiffs executed two leases with Freeman's business for the use of a self-storage unit. (*Id.*) In early February 2003, Plaintiffs allege that Freeman refused access to their unit, and shortly thereafter auctioned their property. (*Id.*)

On March 1, 2007 Plaintiffs filed a complaint against the City, DEA, and Freeman alleging constitutional rights violations, unlawful search and seizure, and conversion of business property. (Doc. No. 1.) On May 21 and 22, 2007 the City and Freeman moved to dismiss Plaintiffs' complaint for failure to state a claim and lack of subject matter jurisdiction. (Doc. Nos. 8, 11.) On July 25, 2007 the Court granted Defendants' motions, dismissed Plaintiffs' entire complaint, and granted Plaintiffs leave to amend. (Doc. No. 23.)

On August 31, 2007 Plaintiffs filed their first amended complaint ("FAC"), alleging the same or similar claims on roughly the same facts. (Doc. No. 25.) On September 12 and 17, 2007 the City and Freeman again moved to dismiss the FAC for failure to state a claim and on jurisdictional grounds. (Doc. Nos. 27, 29.) On October 24, 2007, despite a failure to timely serve Defendants, the Court accepted Plaintiffs' opposition. On November 28, 2007, the Court granted the City's and Freeman's

motions to dismiss, and dismissed Plaintiffs' FAC as to all Defendants. (Doc. No. 38.) However, the Court again granted Plaintiffs thirty days to amend and re-file their complaint.

On December 28, 2007 Plaintiffs filed their second amended complaint ("SAC") alleging undetermined claims on roughly the same facts.[1] (Doc. No. 47.) On January 8, 2008 the DEA filed a motion to dismiss Plaintiffs' SAC. On February 13, 2008 the Court granted the DEA's motion with prejudice and dismissed the DEA from the case. (Doc. No. 58.)

On January 16 and 28, 2008 the City and Freeman, respectively, filed motions to dismiss Plaintiffs' SAC. (Doc Nos. 55, 57). On February 25, 2008 Plaintiffs filed a response in opposition to Freeman's motion to dismiss, (Doc. No. 60.), but failed to file a response in opposition to the City's motion to dismiss. This Order will resolve both Defendants' pending motions to dismiss.

II. LEGAL STANDARD

Rule 12(b)(6) permits the court to dismiss a complaint, or a count therein, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under this rule tests the complaint's sufficiency. See N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of a claim according to this rule is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). However, where the facts and dates alleged in the complaint indicate the claim is barred by the statute of limitations, a motion to dismiss for failure to state a claim is appropriate. Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).

Generally, the court may not consider material outside the complaint when ruling on a motion to dismiss. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896

---

[1] Unlike Plaintiffs' earlier complaints, the SAC reads more like an appellate brief. Its allegations are not contained in paragraph form, and nowhere (aside from the caption) do Plaintiffs actually identify their cause(s) of action.

F.2d 1542, 1555 n.19 (9th Cir. 1990). However, the court may consider any documents specifically identified in the complaint whose authenticity is not questioned by the parties. Fecht v. Price Co., 70 F.3d 1078, 1080 n.1 (9th Cir. 1995). Moreover, the court may consider the full text of those documents, even when the complaint quotes only selected portions. Id. Thus, the Court will consider the search warrant that Plaintiffs refer to in their Complaint and Defendant City attaches to their Motion to Dismiss.

### III. DISCUSSION

#### A. Plaintiffs Fail to State a Claim Against the City

The City argues that Plaintiffs' SAC fails to allege facts that sufficiently state a claim for unreasonable search and seizure because the City's search warrant was sufficiently particular. (City's Mot. 3.) Accordingly, the City asserts that their search and seizure was supported by probable cause. (Id.) Although Plaintiffs do not oppose the City's motion, Plaintiffs allege in their SAC that the search warrant was vague and unreasonable because it failed to "describe things to be seized." (SAC 6.) Plaintiffs further allege that no illegal methamphetamine substance was found on the property, and that the chemicals seized were legal and not related to the production of methamphetamine. (SAC 6-7.)

The Fourth Amendment of the United States Constitution requires that a search warrant describe items to be seized with particularity. U.S. Const. amend. IV. The purpose of the particularity requirement is to protect those subject to a search warrant by limiting the searching officer's discretion in seizing items. United States v. Mann, 389 F.3d 869, 877 (9th Cir. 2004). However, elaborate specificity of items seized is unnecessary. Id., U.S. v. Hall, 142 F.3d 988 (7th Cir. 1998). An improper search in violation of the Fourth Amendment can give rise to a civil action to challenge the validity of the search. Groh v. Ramirez, 540 U.S. 551, 569 (2004).

In this case, the search warrant's terms allowed seizure of methamphetamine,

other controlled substances, and paraphernalia used in the preparation, manufacturing, and distribution of methamphetamine. (City's Mot. Ex. A.) The warrant included non-exhaustive lists of laboratory equipment used in the production of methamphetamine and other dangerous chemicals, such as ether. (Id.) The items the City actually seized under the search warrant included lab equipment and chemicals found on the property. (SAC 6.) The Court agrees with the City that it was impossible for the officers executing the search warrant to know the nature of the chemicals seized from the property without subjecting the chemicals to appropriate off-site testing. Instead, the warrant properly described items with sufficient particularity and adequately guided the searching officers.

Plaintiffs incorrectly assert that because the items seized were legal for the average citizen to possess, the seizure was improper. However, items seized under a valid search warrant may be validly confiscated regardless of their purpose. For example, the Ninth Circuit has upheld the seizure of camping gear in connection with a methamphetamine investigation, even though owning camping gear on its own is not a crime. United States v. Mann, 389 F.3d 869, 878 (9th Cir. 2004). Because Plaintiffs fail to state adequate grounds for unreasonable search and seizure, the Court **GRANTS** Defendant City's motion and **DISMISSES** Plaintiffs' search and seizure claim **WITH PREJUDICE**.

B.  <u>Plaintiffs' Claim Against the City is Time-Barred</u>

The City next argues that even if Plaintiffs stated a Fourth Amendment claim, the claim is time-barred. (City's Mot. 5.) Plaintiffs do not oppose the City's argument, but they allege in their SAC that any delay in filing their suit was the City's fault. (SAC 9.)

The exclusive vehicle for bringing suit against a local government agency is 42 U.S.C. § 1983. Azul Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992). Because 42 U.S.C. § 1983 does not provide its own statute of limitations, the

court is instructed to use the state's statute of limitations. <u>Wilson v. Garcia</u>, 471 U.S. 261, 276-79 (1985). In California, the statute of limitations for personal injury actions is two years. Cal. Code Civ. Proc. § 335.1.

The issues giving rise to this action against the City took place on December 20, 1991, over fifteen years ago. Under California law, the statute of limitations expired on December 20, 1993. Plaintiffs did not file the instant federal action until March 1, 2007. (Doc. No. 1.) Plaintiffs articulate no actual reasons for the fifteen year delay in filing suit, and provide no legally cognizable arguments as to why the statute of limitations should be tolled or extended. The Court has given Plaintiffs two prior opportunities to state a claim against the City for the 1991 seizure of their business property that is not time-barred. Because, for the third time, Plaintiffs fail to present a claim that is not time-barred, the Court **GRANTS** the City's motion and **DISMISSES** Plaintiffs' complaint **WITH PREJUDICE**.

### C. The Court Lacks Subject-Matter Jurisdiction Over the Conversion Claim Against Freeman

Freeman argues that Plaintiffs' conversion claim fails to allege a jurisdictional basis. (*Freeman's Mot.* 3.) Plaintiffs disagree and argue that they present a federal question, they meet the requirements for diversity jurisdiction, and they meet the requirements for supplemental jurisdiction. (*Opp'n* 2-7.) The Court finds that it does not have subject matter jurisdiction over Plaintiffs' claims against Defendant Freeman.

#### i. *Plaintiffs Fail to Present a Federal Question*

Freeman argues that Plaintiffs fail to present a federal question because their conversion claim is premised on state law. (*Id.* at 3.) Plaintiffs oppose, contending that "even a claim expressly premised on state law may nevertheless raise a federal question if the resolution of some federal issue is necessary to the decision of the state claims." (*Opp'n* 1; citing <u>Grable</u>, 545 U.S. 308 (2005).)

Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A federal court has original jurisdiction over state claims if the state law claims "implicate significant federal issues." <u>Grable & Sons Metal Prods v. Darue Eng'g & Mfg.</u>, 545 U.S. 308, 312 (2005). Because the claiming party has the right to decide what law to rely upon for his claim, the court must first determine if the claiming party is able to obtain any relief under the Constitution or the laws of the United States before it decides that a claim does not arise under federal question jurisdiction. <u>Bell v. Hood</u>, 327 U.S. 678, 681 (1946).

In this case, Plaintiffs do not present a federal question. Plaintiffs never state a federal law which is necessary to the decision of their state claim, and their claim is entirely premised on state law. Jurisdictionally, Plaintiffs only mention 28 U.S.C. § 1331, which simply allows for federal question jurisdiction and nothing more. Although Plaintiffs cite 42 U.S.C. § 1983, Plaintiffs fail to state how Freeman violated their civil rights, and simply stating the code section is not enough to state a claim. Because Plaintiffs fail to articulate any real basis for relief under the Constitution or laws of the United States, the Court finds that Plaintiffs fail to present a federal question to support jurisdiction.

### ii.   Plaintiffs Lack Diversity Jurisdiction

Defendant Freeman agues that Plaintiffs fail to establish diversity jurisdiction because both Freeman and Plaintiffs are residents of California. (*Freeman Mot.* 3.) Plaintiffs oppose this argument and claim that they properly meet diversity requirements because they moved to California from Washington state and neither of them attended school in California. (*Opp'n* 5-6.) Plaintiffs also include a copy of their family tree alleging that ancestors residing outside of the United States and/or the state of California establish diversity. (*Id.* Ex. B.) Finally, Plaintiffs claim that diversity exists because on September 13, 2001, they were evicted from their home, an event which

destroyed "domicile" in California. (*Id.* 6.)

District courts have original diversity jurisdiction between citizens of different states and actions with an amount in controversy over $75,000. 28 U.S.C. § 1332(a). The court determines diversity by the states in which United States citizens are domiciled. <u>Kantor v. Wellesley Galleries, Ltd.</u>, 704 F.2d 1088, 1091 (9th Cir. 1983). To support federal diversity jurisdiction, parties must have complete diversity, or all plaintiffs must be citizens of a different state than all defendants. <u>Allstate Ins. Co. v. Hughes</u>, 358 F.3d 1089, 1095 (9th Cir. 2004).

Here, Plaintiffs fail to meet the requirements for diversity jurisdiction. To establish diversity, Plaintiffs must be residents of a different state than Freeman. However, the caption of Plaintiffs' complaint shows Plaintiffs' address in California, and Freeman's storage company is a California business. Since Plaintiffs and Freeman both have California domiciles, complete diversity does not exist.

Unfortunately for Plaintiffs, their other attempts to establish diversity—stating that they moved to California from Washington; not attending school in California; eviction from their California home; providing out-of-state family tree—do not amount to diversity jurisdiction under any interpretation of federal law. Therefore, the Court agrees with Freeman that Plaintiffs fail to establish diversity jurisdiction.

### iii. *Plaintiffs Fail to Show a Basis for Supplemental Jurisdiction*

Defendant Freeman states that Plaintiffs fail to establish supplemental jurisdiction because the allegations against him arise from a separate case and controversy than the actions against the other defendants. (*Freeman Mot.* 3.) Plaintiffs oppose, arguing that they have established a basis for supplemental jurisdiction because all defendants were responsible for the loss of Plaintiffs' business property. (*Opp'n* 7-8.)

If district courts have original jurisdiction over a civil action, "they have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

28 U.S.C. § 1367(a). In order for the issues to be part of the same case or controversy, they must arise from a "common nucleus of operative fact." Exxon Mobile Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 580 (2005).

The Court agrees with Freeman that Plaintiffs fail to state a basis for supplemental jurisdiction. Although Plaintiffs argue that the series of occurrences leading to the conversion claim against Freeman began in November 1994, Freeman's company had no involvement with Plaintiffs until they rented a storage unit on September 19, 2001. (SAC 3.) Simply, Freeman's auction of Plaintiffs' property was entirely unrelated to the government's alleged seizure of Plaintiffs' property nearly ten years earlier.

Plaintiffs also argue that their claims against all Defendants are similar to a case where several defendants were accused of stealing a common satellite signal. Direct v. Loussaert, 218 F.R.D. 639 (S.D. Iowa 2003) (allowing multiple defendant lawsuit because all defendants purchased the same satellite stealing equipment). The relationship of events in Direct, however, are unrelated to the factual circumstances of Plaintiffs' case. Here, the only common element between the government's 1991 seizure and Freeman's 2003 auction is that Plaintiffs were deprived of property. But because Plaintiffs' property was taken by different people at different times, there is no common nucleus of operative fact. Therefore, the Court does not find any factual basis to conclude that supplemental jurisdiction exists in this case. Accordingly, the Court **GRANTS** Freeman's Motion and dismisses Plaintiffs' claims **WITH PREJUDICE.**[2]

### IV. CONCLUSION

Plaintiffs' Second Amended Complaint represents their third attempt to petition this Court for relief. Like each of the prior attempts, Plaintiffs have not been able to

---

[2] Regardless of whether supplemental jurisdiction was initially proper by way of Plaintiffs' federal claims against the City and DEA, those claims have been dismissed and the Court declines supplemental jurisdiction under 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim... if— ... (3) the district court has dismissed all claims over which it has original jurisdiction.").

allege facts sufficient to state a valid cause of action against Defendant City and Defendant Freeman.  The Court believes that affording Plaintiffs additional opportunities to state a claim would be futile.  Because Plaintiffs' claims are barred by the statute of limitations and lack subject matter jurisdiction, the Court **GRANTS** both Defendant City's and Defendant Freeman's motions to dismiss **WITH PREJUDICE**.  (Doc. Nos. 55, 57.)  Both Defendants are **DISMISSED** from the case.

IT IS SO ORDERED.

Dated: March 17, 2008

Hon. THOMAS J. WHELAN
United States District Court
Southern District of California